UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-00730NAB |
| ) | |
| SAINT LOUIS UNIVERSITY et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
**ON PLAINTIFF'S MOTION TO REMAND**

Presently before the Court is James Harris' ("Plaintiff") motion to remand this action to Circuit Court of the City of Saint Louis, Missouri ("state court"). [Doc. 24]. Plaintiff filed a memorandum in support of the motion. [Doc. 25]. Saint Louis University, Tenet Health Systems SL, Inc. ("Tenet"), and Vascular Solutions, Inc. ("Vascular Solutions") each filed memorandum in opposition to the motion to remand. [Doc. 26]; [Doc. 28]; [Doc. 30]. Having fully considered the arguments set forth by the parties, the Court grants Plaintiff's motion to remand.[1]

**Factual And Procedural Background**

The allegations giving rise to this action stem from complications that occurred after Plaintiff underwent a cardiac catheterization (heart surgery) at Saint Louis University Hospital. Near the end of the procedure, doctors used a Duett closure device ("Duett device") to effect

---

[1] The parties consented to the jurisdiction of the undersigned United States Magistrate Judge in this matter. [Doc. 23].

hemostasis.[2] During the use of the Duett device, Plaintiff suffered a partial thrombosis, or blood clot, which Plaintiff alleges eventually led to the amputation of his left leg below the knee.

Plaintiff originally filed this action in the Circuit Court of the City of Saint Louis. The state court, without explanation, dismissed Plaintiff's second amended complaint against Vascular Solutions on March 28, 2011.[3] Plaintiff, with leave of the state court, filed a third amended complaint. The third amended complaint asserts three claims. In Count I, Plaintiff brings a negligence claim against Saint Louis University and Tenet. In Count II, Plaintiff alleges a strict liability claim against Vascular Solutions. Plaintiff specifically alleges that the Duett closure device was unreasonably dangerous because Vascular Solutions, the manufacturer of the Duett closure device, failed to comply with the federal Medical Device Act ("MDA") and various federal regulations. In Count III, Plaintiff brings a negligence claim against Vascular Solutions, alleging that Vascular Solutions was negligent in failing to adhere to federal law and regulations during the manufacturing process of the Duett device.

Defendant Vascular Solutions, Inc. removed the case to this Court on April 25, 2011 on the basis of federal question jurisdiction. Plaintiff then filed the motion to remand that is presently before the Court.

## Discussion

Plaintiff raises three separate grounds in arguing that this case should be remanded to state court. Plaintiff raises two procedural grounds and one substantive legal ground.[4] Because the Court finds that the substantive legal argument warrants remand, the Court will not address the procedural grounds asserted by Plaintiff.

---

[2] Hemostasis is the process by which blood turns to a solid state. This process stops bleeding.
[3] See Doc. 3 at 86.
[4] The memoranda in opposition to Plaintiff's motion to remand filed by Saint Louis University and Tenet only address the issue of whether consent for removal was obtained from all Defendants, which is one of the procedural grounds for remand asserted by Plaintiff.

Plaintiff argues that this case should be remanded because the third amended complaint contains state law claims and does not present a substantial federal question. Defendant, on the other hand, contends that the complaint does present a substantial federal question, and therefore the case should not be remanded.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Where the district court has original jurisdiction over a claim that is joined with other non-removable claims, the entire case may be removed to the district court. 28 U.S.C. § 1441(d).

The Supreme Court has acknowledged that "there is no explicit cause of action against manufacturers contained in the MDA[.]" *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 487 (1996). Accordingly, Plaintiff's claims against Vascular Solutions cannot be said to arise under the MDA. Rather, Vascular Solutions essentially argues that because Plaintiff has incorporated federal law and regulations into elements of state law causes of action, this Court has original jurisdiction over the case. Therefore, the Court must determine whether, by incorporating federal law and regulations into elements of state law causes of action, Plaintiff's claims "arise under" federal law so as to allow this Court to exercise original jurisdiction over those claims that incorporate the federal law and regulations.

The Supreme Court addressed this issue in the context of the Food, Drug, and Cosmetic Act ("FDCA") in *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986). In *Merrell Dow*,

the plaintiffs alleged that the misbranding of a prenatal drug was in violation of the FDCA and was the proximate cause of their injuries. *Id*. at 805-06. There, the court framed the issue as:

> whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

*Merrell Dow*, 478 U.S at 805. The Court concluded " that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id*. at 814. The Court therefore held "that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, *does not* state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id*. at 817 (citing 28 U.S.C. § 1331) (emphasis added).

Here, just as in *Merrell Dow*, the complaint presents, as an element of a state law cause of action, an alleged violation of a federal law which Congress has determined there should be no cause of action for violating. The Court therefore finds that a straightforward application of the *Merrell Dow* holding is warranted. Since the "complaint alleg[es] a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, [the complaint] does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id*. at 817 (citing 28 U.S.C. § 1331).

Vascular Solutions argues that federal jurisdiction is proper because Plaintiff's claim presents a "substantial question of federal law." Defendant relies, in part, on a statement in *Franchise Tax Bd. of the State of Cal. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1

(1983), in which the Supreme Court stated, "[w]e have often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law." *Id*. at 9. The Supreme Court reiterated this principle in *Franchise Tax*, stating, "[e]ven though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13. However, the Supreme Court noted in *Merrell Dow* that the ultimate holding in *Franchise Tax* (that federal jurisdiction was lacking even though the claim required construction of ERISA), "demonstrates that [the statement relied on by Defendants] must be read with caution." *Merrell Dow*, 478 U.S. at 809. Furthermore, *Franchise Tax* was decided before *Merrell Dow*, which more closely parallels the issue presented in the present case.

Vascular Solutions also seems to suggest that because Plaintiff's claim may be preempted by the MDA, the claim arises under federal law. However, whether this Court has original jurisdiction over a case is a determination that is separate and distinct from the issue of whether federal law preempts a claim. *See Franchise Tax,* 463 U.S. at 12 ("By unimpeachable authority, a suit brought under a state statute does not arise under an act of Congress or the Constitution of the United States because it is prohibited thereby." (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936))). On remand the state court may make the determination that the MDA preempts Plaintiff's claims against Vascular Solutions. *See Riegel v. Medtronic*, 552 U.S. 312, 322-26 (2008) (holding that 21 U.S.C. § 360k(a) of the MDA bars common law claims challenging the safety and effectiveness of medical devices that were subject to the premarket approval process). However, the fact that federal law may provide a preemption defense to Plaintiff's state law

claims does not transform Plaintiff's state law claims into claims that arise under federal law, therefore giving this Court jurisdiction over the case. *See Franchise Tax,* 463 U.S. at 12.

Furthermore, remanding this case to state court does not prevent Vascular Solutions from obtaining federal review of the preemption issue. *See Id*. n.12 ("And, of course, the absence of original jurisdiction does not mean that there is no federal forum in which a preemption defense may be heard. If the state courts reject a claim of federal preemption, that decision may ultimately be reviewed on appeal by [the Supreme] Court." (citing *Fidelity Fed. Sav. & Loan Assn. v. de la Cuesta*, 458 U.S.141 (1982))).

## **Conclusion**

Based on the above analysis, the Court finds that Plaintiff's motion to remand should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that this case, in its entirety, shall be remanded to the Missouri Circuit Court, Twenty-Second Judicial Circuit, City of Saint Louis, for all further proceedings.

**IT IS FURTHER ORDERED** that a separate Order of Remand, incorporating this memorandum opinion, shall be entered on this same day.


Dated this 28th day of September, 2011.


      /s/ Nannette A. Baker
      NANNETTE A. BAKER
      UNITED STATES MAGISTRATE JUDGE